# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOHN PAUL CHARLTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 08-0221(PLF) |
| | ) | |
| MICHAEL W. WYNNE, | ) | |
| SECRETARY OF THE AIR FORCE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S MOTION TO DISMISS

Defendant, Michael W. Wynne,[1] through his undersigned attorneys, hereby respectfully

moves, pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure to dismiss

Plaintiff's complaint on the bases that: (1) the Court lacks subject matter jurisdiction; (2) this

judicial district is an improper venue; and (3) Plaintiff's complaint fails to state a claim upon

which relief can be granted.  In support of this motion, the Court is respectfully referred to the

accompanying Memorandum of Points and Authorities in Support.  A proposed Order granting

Defendant the relief requested is also attached.

Respectfully submitted,

/s/

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

---

[1] Secretary Wynne is named in his official capacity.

_/s/_____

JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530
(202) 514-7250

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOHN PAUL CHARLTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 08-0221 (PLF) |
| | ) | |
| MICHAEL W. WYNNE, | ) | |
| SECRETARY OF THE AIR FORCE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS COMPLAINT

## I.  INTRODUCTION

Plaintiff brought this action on February 8, 2008, naming as Defendant the Secretary of

the Air Force.  Plaintiff purportedly challenges an October 17, 2005 decision of the Air Force

Board for Correction of Military Records ("AFBCMR"), denying Plaintiff's application to

correct his military records pursuant to the Administrative Procedure Act ("APA").  *See*

Complaint ("Compl.") Heading.  However, Plaintiff also seeks injunctive relief which would

relieve him of paying a debt in the amount of $136,478, unspecified monetary damages for back

pay up to $10,000, attorneys' fees, and costs.  *See* Compl. ¶¶ 69, and Prayer For Relief, ¶ 102

(B)(3).

Plaintiff's primary argument is that the AFBCMR violated U.S. Department of Air Force

regulations and Plaintiff's Fifth Amendment due process rights under the Constitution of the

United States in failing to overturn two findings by the Honor Board that Plaintiff violated the

Air Force Academy Cadet Wing Honor Code.

As explained below, all claims against Defendant should be dismissed because: (1) this Court lacks subject matter jurisdiction; and (2) Plaintiff has failed to state a claim for which relief can be granted.

## II. STANDARDS OF REVIEW

### A. Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1)

A motion under 12(b)(1) "presents a threshold challenge to the court's jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987), *aff'd*, 213 F.3d 735 (D.C. Cir. 2000), *cert. denied*, 531 U.S. 1153 (2001). "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." *Thompson v. Capitol Police Board*, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." *Rann v. Chao, Dep't. of Labor*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citations omitted), *affirmed*, 346 F.3d 192 (D.C. Cir. 2003), *cert. denied*, 543 U.S. 809 (2004). In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." *Thompson*, 120 F. Supp. at 81.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) in two ways. First, the court may determine the motion based solely on the complaint. *Herbert v. National Academy of Science*, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the

conflicting evidence.  *Id.*

**B.  <u>Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)</u>**

On a motion to dismiss for failure to state a claim upon which relief can be granted

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court will dismiss a claim

if Plaintiff's complaint fails to plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1974 (2007) (clarifying the

standard from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Aktieselskabet v. Fame

Jeans, Inc.*,--F.3d--, 2008 WL 1932768 (D.C. Cir. Apr. 29, 2008); *In re Sealed Case*, 494 F.3d

139, 145 (D.C. Cir. 2007) (citing *Twombly*).  Hence, the focus is on the language in the

complaint, and whether that language sets forth sufficient factual allegations to support a

plaintiff's claims for relief.

The Court must construe the factual allegations in the complaint in light most favorable

to Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived from the facts

as they are alleged in the complaint.  *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004)

(citing *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).  However, the

Court need not accept any inferences or conclusory allegations that are unsupported by the facts

pleaded in the complaint.  *Kowal*, 16 F.3d at 1276. Moreover, the Court need not "accept legal

conclusions cast in the form of factual allegations."  *Id.*

**ARGUMENT**

## III.  THIS COURT IS WITHOUT SUBJECT MATTER JURISDICTION TO HEAR PLAINTIFF'S CLAIMS

It is well-settled that federal courts are courts of limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  They may exercise only as much jurisdiction as is granted to them under the Constitution and by Congress.  *See id.*  A plaintiff bears the burden of establishing the federal jurisdiction upon which his suit relies.  *See id.*  When a plaintiff sues the federal government, jurisdiction is also dependant upon a waiver of sovereign immunity.  *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (holding that scope of sovereign immunity limits court's jurisdiction); *United States v. Mitchell*, 463 U.S. 206, 212 (1983) (the United States' consent to be sued is a prerequisite for jurisdiction).

### A.  Plaintiff's APA Claims Fail Because He Seeks Monetary Damages

To the extent that Plaintiff invokes the APA as grounds for jurisdiction, his claims are barred by sovereign immunity.  Section 702 of the APA constitutes a limited waiver of sovereign immunity, authorizing judicial review of final agency action in claims "seeking relief other than money damages."  5 U.S.C. § 702.  Pursuant to section 704 of the APA, however, the application of section 702 is limited to claims "for which there is no other adequate remedy in a court."  5 U.S.C. § 704.  *See also Mitchell v. United States*, 930 F.2d 893 (Fed. Cir. 1991) (holding section 702 inapplicable because former reserve officer would receive adequate review of his claim for reinstatement, back pay, and active duty credit in the Court of Federal Claims).

Although Plaintiff has alleged that he is seeking judicial review of an agency decision under the APA, *see* Compl. Heading,  his complaint includes a demand for monetary damages,

including back pay of at least $10,000 and the cost of his education in the amount of $136,478.

*See* Defendant's Exhibit A.  This is a contract claim and the Tucker Act precludes contract

actions under the APA.  *See Transohio Sav. Bank v. Dir., Office of Thrift Supervision*, 967 F.2d

598, 607 (D.C. Cir. 1992).  Therefore, because the relief Plaintiff seeks is monetary in nature and

outside the scope of section 702's limited waiver of sovereign immunity, his APA claims fail.

*See Hubbard v. Administrator, EPA*, 982 F.2d 531 (D.C. Cir. 1992) (APA waiver of sovereign

immunity does not waive sovereign immunity for backpay award); *Huff v. United States*

*Department of the Army*, 508 F.Supp.2d 459 (D. MD. 2007).

Moreover, Plaintiff's claims are not ones "for which there is no adequate remedy in a

court."  5 U.S.C. § 704.  "The Claims Court has, in fact, ordered back pay, restoration to military

office, placement in correct retirement status, and correction of military records."  *Mitchell v.*

*United States*, 930 F.2d at 896 (internal citations omitted).  Accordingly, this Court is without

jurisdiction to consider Plaintiff's claims under the APA.

**B.  Plaintiff Has Failed To Establish A Little Tucker Act Claim**

The Tucker Act, 28 U.S.C. § 1491(a), provides in relevant part:

> The United States Claims Court shall have jurisdiction to render
> judgment upon any claim against the United States founded
> either upon the Constitution, or any Act of Congress or any
> regulation of an executive department, or upon any express
> or implied contract with the United States, or for liquidated
> or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Tucker Act grants the United States Court of Federal Claims exclusive jurisdiction

over "any claim against the United States founded," *inter alia*, "upon any express or implied

5

contract with the United States," where the claim exceeds $10,000 in amount.  28 U.S.C.

§§ 1491(a)(1), 1346(a)(2).  Congress intended, by granting original jurisdiction over contract

claims against the government to the Court of Federal Claims to confine cases where government

funds are at stake to one judicial body with particular expertise.  *See United States v. Hohri*, 482

U.S. 64, 71 (1987) ("A motivating concern of Congress in creating the Federal Circuit was the

'special need for nationwide uniformity' in certain areas of the law."); *Kidwell v. Dep't of the

Army*, 56 F.3d 279, 284 (D.C. Cir. 1995) (finding that a "primary purpose" of the Tucker Act is

"to ensure that a central judicial body adjudicates most claims against the Untied States

Treasury.").

The "Little Tucker Act," 28 U.S.C. § 1346(a), provides in pertinent part that the  district

courts shall have original jurisdiction, concurrent with the United States Claims Court, of:

> Any other civil action or claim against the United States,
> not exceeding $10,000 in amount, founded either upon
> the Constitution, or any Act of Congress, or any regulation
> of an executive department, or upon any express or implied
> contract with the United States, or for liquidated or unliquidated
> damages in cases not sounding in tort . . . .

28 U.S.C. § 1346(a)(2).

Plaintiff's allegations raise contract claims for over $10,000, which must be heard in the

Court of Federal Claims.  Although his complaint might suggest that the Court has jurisdiction

under the Little Tucker Act[1], notably, Plaintiff cites only the APA as his jurisdictional basis.  *See*

Compl. ¶ 4.  In any event, Plaintiff's claims still fail, because "[j]urisdiction under the Tucker

---

[1] Plaintiff requests "damages for back pay no greater than $10,000" and indicates that he is waiving the recovery of any monetary damages that he would be entitled to in excess of $10,000.  *See* Compl., Prayer For Relief, ¶ 102 (C).

Act cannot be avoided by . . . disguising" what is "essentially a monetary claim in injunctive or declaratory terms." *Kidwell v. Dep't of the Army*, 56 F.3d at 284 (citing *Van Drasek v. Lehman*, 762 F.2d 1065, 1071 n. 11 (D.C. Cir. 1985) (citation omitted). The Court must "look to the complaint's substance" to determine whether it "explicitly or 'in essence' seeks more than $10,000 in monetary relief from the federal government" and is, therefore, "subject to the Tucker Act and its jurisdictional consequences." *Kidwell v. Department of the Army*, 56 F.3d at 284. In this case, Plaintiff is disputing his debt of $136,478 and seeks to recover back pay of at least $10,000. He, thus, seeks an amount in excess of $10,000. *See* Defendant's Exhibit A, Compl. ¶ 102. Accordingly, Plaintiff's complaint should be dismissed.

## IV. PLAINTIFF IS IMPROPERLY CHALLENGING THE UNDERLYING ACTIONS OF THE HONOR BOARD

Plaintiff suggests that he is challenging the decision of the AFBCMR under the APA. However, a review of his complaint indicates that he may be challenging the actions of the Honor Board and the finding that Plaintiff had violated the Air Force Academy Cadet Wing Honor Code. *See* Compl. ¶¶ 33-58. Although a plaintiff may be permitted APA review of the decisions of boards for correction of military records, review of such decisions is limited to review of the boards' actions to determine if it acted arbitrarily, capriciously, or in violation of the law. *Bitttner v. Sec'y of Defense*, 625 F.Supp. 1022, 1029 (D.D.C. 1985) ("The Court must emphasize the fact, however, that it does not and cannot review the actual discharges of these plaintiffs, but only the review boards decisions denying a request for upgrade."). "[J]udicial review of a claim of wrongful discharge is distinct and independent from judicial review of a claim challenging the AFBCMR's review of the underlying discharge decision." *Lebrun v.*

7

*England*, 212 F. Supp. 2d 5, 12 (D.D.C. 2002).   "Though the factual record in some if not many instances may be similar for both types of claims, the focus of the former is on the action of discharge officials whereas the focus of the latter is on the action of the Correction Board."  *Id.* (quoting *Blassingame v. Sec'y of Navy*, 811 F.2d 65, 72 (2nd Cir. 1987).  Therefore, to the extent Plaintiff seeks review of the actions of the Honor Board or the actions of discharge officials, he has failed to state a claim upon which relief can be granted.

Respectfully submitted,

  /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530
(202) 514-7250

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **JOHN PAUL CHARLTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 08-0221 (PLF)** |
| | ) | |
| **MICHAEL W. WYNNE,** | ) | |
| **SECRETARY OF THE AIR FORCE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## <u>ORDER</u>

UPON CONSIDERATION OF Defendant's Motion to Dismiss, any Opposition thereto,

and the entire record in this case, it is this _____ day of June, 2008,

**ORDERED** that Defendant's motion is **GRANTED**; and it is

**FURTHER ORDERED** that the complaint herein is dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE

EXHIBIT A

THE LAW OFFICES OF
# DAVID P. SHELDON

DAVID P. SHELDON, ESQ.
DAVIDSHELDON@MILITARYDEFENSE.COM
512 8TH STREET, SE
WASHINGTON, D.C. 20003
(202) 546-9575 (OFFICE)
(202) 546-0135 (FAX)

DEBRA T. GILCREST, ESQ.
DGILCREST@MILITARYDEFENSE.COM
700 SW HIGGINS AVENUE, SUITE 200
MISSOULA, MT 59803
(406) 829-3305 (OFFICE)
(406) 829-3301 (FAX)

SPECIALIZING IN MILITARY LAW AND LITIGATION

April 21, 2008

U.S. Department of the Treasury
Debt Management Services
PO Box 830794
Birmingham, AL 35283-0794

DFAS-JEDC/DE
6760 E. Irvington Place
Denver, CO 80279-7500

Re:    John Charlton
       FedDebt Case Identification:
       Agency Debt Identification:

Dear Sir/Ma'am:

I represent John P. Charlton, .

Mr. Charlton is currently in litigation regarding the nature and legitimacy of the payments he owes in this matter. Specifically, he has filed suit against the government to dispute this debt. This suit is pending in the Unites States District Court for the District of Columbia in the case of *John Paul Charlton V. Michael W. Wynne, Secretary of the Air Force,* Case No. 1:08-cv-00221-PLF.

I hereby request that you immediately cease collection efforts and any credit reporting regarding his account until matters in federal court have concluded. I also request that any further correspondence be sent to my office at the address above.

Thank you.

Sincerely,

David P. Sheldon

cc     John P. Charlton (by PDF)
       Judith Kidwell, Esq. (By PDF)