IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN PAUL CHARLTON<br>13526 Camino De Plata Ct.<br>Corpus Christi, TX 78418<br><br>*Plaintiff*,<br><br>v.<br><br>MICHAEL W. WYNNE<br>Secretary of the Air Force<br>1670 Air Force Pentagon<br>Washington, DC 20330<br><br>*Defendant*. | Civil Action No.: 08-0221 (PLF) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**INTRODUCTION**

    Plaintiff respectfully submits this memorandum in support of his opposition to Defendant's Motion to Dismiss. This Court has subject matter jurisdiction. This court has jurisdiction under 28 U.S.C. § 1331. Plaintiff raises claims arising under the U.S. Constitution, federal statutes, and military regulations. The Acts of Congress upon which federal question jurisdiction rests are 10 U.S.C. § 1552, which provides for a service member to apply to the Air force Board for Correction of Military Records (AFBCMR) to correct errors and injustices, and the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.* (2000), which permits a federal court to review and reverse the decisions of a Board for Correction of Military Records that are arbitrary, capricious, unsupported by evidence, an abuse of discretion, or otherwise contrary to

law.

The heart of Defendant's Motion to Dismiss is the erroneous assertion that Plaintiff's complaint requests monetary damages in excess of $10,000.00. However, Plaintiff, in his complaint to this Court, expressly waived any right or entitlement to recover monetary damages greater than $10,000 in this action. This Court therefore has subject matter jurisdiction over this matter. Further, this Court has personal jurisdiction over the parties pursuant to 5 U.S.C. § 702 and venue lies in this district pursuant to 5 U.S.C. § 703 and 28 U.S.C. § 1402(a)(2).

In addition, Plaintiff's Complaint, ¶¶ 16-101, clearly pleads enough factual allegations to support Plaintiff's claim for relief. As Defendant's Motion to Dismiss acknowledges, this Court must construe those factual allegations in a light most favorable to Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived from the facts as they are alleged in the complaint. *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004). Therefore, this Court should deny Defendant's Motion to Dismiss.

## ARGUMENT

I.  **This Court Has Subject Matter Jurisdiction in the Case at Bar**

    A.  **This Court has Jurisdiction Over Claims of $10,000 or Less, and Plaintiff has Expressly and Specifically Waived Any Monetary Damages in Excess of $10,000 and Thus There Can Be No Monetary Damages Over $10,000, and This Court Therefore Has Jurisdiction.**

10 U.S.C. § 1552(a)(1) provides:

> The Secretary of a military department may correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice. Except as provided in paragraph (2), such corrections shall be made by the Secretary acting through boards of civilians of the executive part of that military

department.

The AFBCMR is such a board. Generally, plaintiffs in cases such as this one, challenging a decision of a board for the correction of military records, have used one of two avenues to establish federal jurisdiction: the Tucker Act, 28 U.S.C. §§ 1346(a)(2), 1491; and the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706. Both of these statutes have been construed as waivers by the United States of sovereign immunity. *E.g., United States v. Mitchell*, 463 U.S. 206, 212 (U.S. 1983)("We conclude that by giving the Court of [Federal] Claims jurisdiction over specified types of claims against the United States, the Tucker Act constitutes a waiver of sovereign immunity with respect to those claims")[1]; *Bowen v. Massachusetts*, 487 U.S. 879, 891-92 (1988) ("It is undisputed that the 1976 amendment to [5 U.S.C.] § 702 was intended to broaden the avenues for judicial review of agency action by eliminating the defense of sovereign immunity in cases covered by the amendment . . . .").

The United States Supreme Court, in *United States v. Hohri*, 482 U.S. 64, 72 (1987), made it very clear that "[c]laims for less than $ 10,000 (i. e., Little Tucker Act claims) may be brought <u>either</u> in a federal district court or in the United States Claims Court. § 1346(a)(2)"(emphasis added). Further, a plaintiff can waive damages in excess of $ 10,000 to remain in district court, see, e.g., *Hahn v. United States*, 757 F.2d 581, 587 (3d Cir. 1985).[2]

---

[1] The *Mitchell* Court also noted that "The Tucker Act provided concurrent jurisdiction in the district courts over claims not exceeding $ 10,000" *Id*. note 10.

[2] *See also Stone v. United States*, 683 F.2d 449, 451 (D.C. Cir. 1982) ("Even if a litigant's claim was worth more than $10,000, if he voluntarily waived his right to recover more than $10,000 he could remain within the jurisdiction of the regular federal courts, and would not be compelled to litigate in the Court of Claims. Such waivers are now well established in the Tucker Act case law. *See, e.g., United States v. Johnson*, 153 F.2d 846, 848 (9th Cir. 1946); *Sutcliffe Storage & Warehouse Co. v. United States*, 162 F.2d 849, 853 (1st Cir. 1947); *Perry v. United States*, 308 F. Supp. 245, 247 (D. Colo. 1970), aff'd on other grounds, 442 F.2d 353 (10th Cir. 1971); *Jones v. United States*, 127 F. Supp. 31, 33 (E.D. N.C. 1954)").

3

Thus, this Court has original jurisdiction, concurrent with the United States Court of Federal Claims, of <u>any</u> civil action or claim not exceeding $10,000, and a plaintiff can keep his case in this Court by waiving any damages beyond $10,000. Plaintiff has done just that in the case at bar by expressly and specifically stating that "[b]y filing this complaint in this Court, Plaintiff expressly waives any right or entitlement to recover monetary damages greater than $10,000 in this action." See Complaint, page 2, Jurisdiction and Venue (6). This is also clear from Plaintiff's Prayer for Relief ( C ), at page 20 of the Complaint, which states "Plaintiff specifically waives the recovery of <u>any</u> monetary damages that he would be entitled to in excess of $10,000"(emphasis added).

Defendant's Motion to Dismiss, at page 4, selectively cites to *Mitchell v. United States*, 930 F.2d 893 (Fed. Cir. 1991) as supposed authority for why this court lacks jurisdiction. However, Defendant fails to mention that in *Mitchell*, the paintiff had not waived monetary damages in excess of $10,000, as the *Mitchell* Court noted:

> Mitchell apparently meant to invoke 28 U.S.C. § 1346(a)(2), the Little Tucker Act, which confers jurisdiction on district courts for claims of less than $ 10,000.00. If permitted, Mitchell intends to amend his complaint to correct this mistake, alternatively claiming recovery under the Little Tucker Act. Presumably Mitchell would also waive recovery of any monies in excess of $ 10,000.00 to fit within the Little Tucker Act. Because Mitchell has not yet waived recovery of monies in excess of $ 10,000.00, his complaint now invokes Claims Court jurisdiction.

*Id*. at 894.

In contrast to the plaintiff in *Mitchell*, Plaintiff in this case <u>has</u> waived monetary damages in excess of $10,000. Defendant is truly presenting this Court with a red herring argument

regarding monetary award limits on jurisdiction. Because Plaintiff has expressly waived any and all monetary damages in excess of $10,000, and, as Plaintiff will show below, the elimination of the debt for the cost of Plaintiff's education at the Academy would not constitute monetary damages, Defendant's arguments regarding jurisdiction are without merit and Defendant's motion to dismiss should be denied.

In fact, there is even doubt among courts about whether an award of back pay can properly be considered monetary damages. In *Maryland Dep't of Human Resources v. Department of Health & Human Services*, 246 U.S. App. D.C. 180 (D.C. Cir. 1985) the Court of Appeals stated that "[t]he term 'money damages,' 5 U.S.C. § 702, we think, normally refers to a sum of money used as compensatory relief. Damages are given to the plaintiff to substitute for a suffered loss, whereas specific remedies are not substitute remedies at all, but attempt to give the plaintiff the very thing to which he was entitled" (internal citations omitted). Further, as the Court of Appeals for the Fourth Circuit noted:

> There is considerable uncertainty about whether an award of back pay is considered money damages or a form of equitable relief for purposes of determining whether such claims are cognizable under either the APA or the Tucker Act. In *Bowen v. Massachusetts*, 487 U.S. 879, 101 L. Ed. 2d 749, 108 S. Ct. 2722 (1988), the Supreme Court stated that "an order providing for the reinstatement of an employee with backpay" is a form of equitable relief, not damages at law." Id. at 893. In *Ulmet v. United States*, 888 F.2d 1028 (4th Cir. 1989), this court arguably adopted the Bowen Court's dictum and stated that an action for back pay was not exclusively within the Tucker Act. Id. at 1030-31.

*Randall v. United States*, 95 F.3d 339, 347 (4th Cir. N.C. 1996).

Therefore, under the reasoning of the United States Supreme Court in *Bowen*, as is evident from the Fourth Circuit's interpretation in *Randall*, even back pay in the amount of no more than $10,000 dollars would be properly considered equitable relief rather than monetary

damages. An award of back pay really is only an attempt to give the plaintiff what he is entitled to, and in this case all the more so since the back pay would stem directly from the equitable correction of Plaintiff's military records. But even if this Court considers the requested back pay to be monetary damages, this Court still retains jurisdiction because Plaintiff has waived any such damages beyond $10,000.

> **B.     This Case is Predominantly About Non-Monetary Equitable Relief, and Monetary Damages or Benefits, if Any, are Secondary and Incidental**

This case is fundamentally about the equitable relief that Plaintiff is seeking from this Court. First and foremost, Plaintiff's Prayer for Relief requests that this Court set aside the decision of the AFBCMR. Flowing directly from that setting aside would come equitable relief in the form of an order to compel Defendant to correct Plaintiff's military personnel records, including removal of the 2003 findings of honor code violations; an order that Plaintiff's records be corrected to reflect the granting of a diploma from the Academy; and an order directing that Plaintiff's records be corrected to reflect the elimination of the erroneously incurred debt for his education by means of either waiving that debt or by granting him a medical discharge.

"Any monetary benefits that may flow from [the correction of Plaintiff's record] would not come from the district court's exercise of jurisdiction, but from the structure of statutory and regulatory requirements governing compensation when a servicemember's files change." *Kidwell v. Department of the Army, Bd. for Corrections of Military Records*, 56 F.3d 279, 286 (D.C. Cir. 1995). "[E]ven if the plaintiff filed the complaint with an eye to future monetary awards, a district court with otherwise appropriate jurisdiction may hear the claim and grant the proper equitable relief." *Id*. at 284. *See also Vietnam Veterans of America v. Secretary of Navy*, 843

6

F.2d 528, 534 (D.C. Cir. 1988)("It is … clear that a claim is not for money merely because its success may lead to pecuniary costs for the government or benefits for the plaintiff.").

In *Kidwell* the Court of Appeals concluded that the plaintiffs request for a change in his Navy discharge status was not essentially a request for monetary relief, even though the plaintiff stood to benefit financially from a change in discharge status. The Court noted that a distinct benefit, apart from plaintiffs potential pecuniary gain, would inure to the plaintiff as a result of a change in discharge status, because the shame associated with failing to receive an honorable discharge would be alleviated.

In the case at bar, Plaintiff seeks the distinct benefit, apart from any potential pecuniary gain, that would inure to the Plaintiff as a result of setting aside the decision of the AFBCMR and correcting his military records because the shame associated with the two findings in 2003 that Plaintiff violated the Cadet Honor Code and the shame from his disenrollment and discharge would be alleviated.  Further, a correction of Plaintiff's military records would reflect that he was granted a diploma.  Plaintiff is clearly seeking benefits that have nothing to do with money, but everything to do with honor, reputation, and the achievement of a diploma from the Academy, which is every cadet's dream.

Even the correction of Plaintiff's records to reflect that Plaintiff no longer owes any debt for the cost of his education at the Academy would simply flow from Plaintiff being placed back in the same position as every other cadet at the Academy who does not have to pay for his or her education, or, in the alternative, from the status he would attain if granted a medical discharge for the rheumatoid arthritis that began during Plaintiff's second year at the Academy.

The reasoning of the Supreme Court in *Bowen v. Massachusetts*, 487 U.S. 879, 893-894

7

(U.S. 1988) is once again applicable here. The *Bowen* Court stated that "[t]he fact that a judicial remedy may require one party to pay money to another is not a sufficient reason to characterize the relief as 'money damages.' Thus, we have recognized that relief that orders a town to reimburse parents for educational costs that Congress intended the town to pay is not 'damages.'" Defendant makes much of the $136,478 in tuition that the Plaintiff seeks relief from, but in contrast to back pay, the Plaintiff is not asserting he is owed that amount, but simply that he <u>does not owe it</u>, and he seeks only a correction of his military records that will put him back in the same circumstance as other cadets.

Plaintiff seeks, first and foremost, a setting aside of the AFBCMR's decision and a correction of his military records. Only upon the correction of those records will any collateral monetary benefits flow from those corrections. As in *Kidwell*, such benefits would not stem from any award of damages by this Court, but would instead stem directly from the changes in Plaintiff's record.

Nor is this a contract case, as Defendant's Motion to Dismiss asserts at page 5. In fact, *Transohio Sav. Bank v. Dir., Office of Thrift Supervision*, 967 F.2d 598, 607 (D.C. Cir. 1992), the case Defendant cites as supposed support for that contention, makes it clear that:

> "The mere fact that a court may have to rule on a contract issue ... does not, by triggering some mystical metamorphosis, automatically transform an action based on trespass or conversion into one on the contract and deprive the court of jurisdiction it might otherwise have" [quoting *Megapulse, Inc. v. Lewis*, 672 F.2d 959, 968 (D.C. Cir. 1982)].

The *Transohio* case also cites to *Spectrum Leasing Corp. v. United States*, 764 F.2d 891, 893 (D.C. Cir. 1985) ("A court will not find that a particular claim is one contractually based merely because resolution of that claim requires some reference to a contract.") Nor should this Court

find that the claim in this case is contractually based merely because resolution of this claim may require some reference to the contract between the Academy and this cadet. This is no more a contract case than any of the myriad cases where this Court has reviewed decisions by boards of correction of military records under the APA.[3] If this case is somehow a contract case, then all of those other cases were also contract cases since in each there was an enlistment contract. Obviously, the mere fact that a service member enters into such an enlistment contract does not make a later challenge to the determinations of a board of correction of military records a contract case.

    Likewise, in most of those cases there was also the possibility that the service member would obtain some pecuniary benefit if he were to prevail, whether it be a restoration of pay grade, a promotion, restored retirement benefits, a disability rating or disability rating increase, etc. The possibilities for such collateral, incidental pecuniary benefits are nearly limitless. Under Defendant's desired cramped reading of this Court's jurisdiction, all such cases, where there was even the possibility of some collateral monetary gain in excess of $10,000, would be beyond this Court's subject matter jurisdiction. Obviously, this is in error. This case is predominantly about honor and the obtaining of the diploma that Plaintiff earned. It is only collaterally about money. This Court should deny Defendant's motion to dismiss.

---

[3] For just a small sampling, *see* *Turner v. Dep't of Navy*, 355 U.S. App. D.C. 410, 325 F.3d 310, (2003); *Musengo v. White*, 351 U.S. App. D.C. 23, 286 F.3d 535(2002); *Cone v. Caldera*, 343 U.S. App. D.C. 117, 223 F.3d 789 (2000); *Frizelle v. Slater*, 324 U.S. App. D.C. 130, 111 F.3d 172 (1997); *Dickson v. Secretary of Defense*, 314 U.S. App. D.C. 345, 68 F.3d 1396 (D.C. Cir. 1995); *Kidwell v. Department of the Army*, 312 U.S. App. D.C. 315, 56 F.3d 279 (D.C. Cir. 1995); *Kreis v. Secretary of the Air Force*, 275 U.S. App. D.C. 390, 866 F.2d 1508 (D.C. Cir. 1989)(citing *Chappell v. Wallace*, 462 U.S. 296, 76 L. Ed. 2d 586, 103 S. Ct. 2362 (1983)); *Gay Veterans Association, Inc. v. Secretary of Defense*, 271 U.S. App. D.C. 71, 850 F.2d 764 (D.C. Cir. 1988); *Bois v. Marsh*, 255 U.S. App. D.C. 248, 801 F.2d 462 (D.C. Cir. 1986).

**II.     Plaintiff is Properly Challenging the Decisions of the AFBCMR and Has Made Sufficient Allegations To State a Claim Upon Which Relief Can Be Granted**

Contrary to the assertions of the Defendant's Motion to Dismiss, Plaintiff is not challenging the underlying actions of the Honor Board, but is instead challenging the decision of the AFBCMR as arbitrary, capricious, unsupported by evidence and thus an abuse of discretion, and/or contrary to law because not in compliance with the Air Force's own regulations and therefor in violation of the Plaintiff's right to due process of law.  Certainly, when asserting that the decision of the AFBCMR was unsupported by the evidence in this case, Plaintiff is required to set forth the substantial evidence that was presented to the AFBCMR, including the evidence of Plaintiff's innocence, the evidence of bias on the part of his Academy instructor, and the evidence of multiple due process violations and violations of Air Force regulations.  But the recitation of that evidence goes to the validity of the AFBCMR's decision, not the underlying decision of the Honor Board.

The APA, 5 U.S.C. § 701 *et seq.*, authorizes this Court to review decisions of the Secretary of the Air Force. Such decisions "are subject to judicial review and can be set aside if they are arbitrary, capricious or not based on substantial evidence." *Chappell v. Wallace*, 462 U.S. 296, 303 (1983).  The APA standard of review mandates "that an agency take whatever steps it needs to provide an explanation that will enable the court to evaluate the agency's rationale at the time of decision."  *Pension Ben. Guar. Corp. V. LTV Corp.*, 496 U.S. 633, 654 (1990).  In reviewing the agency decision, "the court conducting the review must have sufficient information to determine that the [Secretary's] decisions were proper." *Smith v. Dalton*, 927 F. Supp. 1, 5 (D.D.C. 1996).  "[I]n reviewing an administrative body's decision, the court must

examine whether or not the agency has considered all of the evidence before it, and if so, if it has stated why evidence contrary to the final decision was 'disregarded or given less weight.'" *Id*.

Therefore, for this Court to make a determination of whether the AFBCMR disregarded or discounted evidence before it, whether the AFBCMR ignored fundamental violations of due process or violation of Air Force regulations, and thus whether its decision was arbitrary, capricious, or not based on substantial evidence, this Court <u>must</u> have before it an accurate and detailed recounting of the evidence that was before the AFBCMR and Plaintiff is required, in his Complaint, to allege facts that would support the relief he seeks. Plaintiff's Complaint, ¶¶ 16-101, merely sets forth this required recounting of the evidence that was before the AFBCMR and the requisite assertion of facts, that if found to be true, would support the claim for relief. Plaintiff's Complaint, by necessity, must recount the numerous violations of due process, violations of Air Force regulations, and mistakes of law by the Honor Board, as well as the evidence of Plaintiff's innocence that was disregarded by the Honor Board in order to establish what was reviewed by the AFBCMR. That Plaintiff's Complaint first sets forth those alleged facts one by one, with assigned numbers, and then groups them together according to type of error made by the AFBCMR, does not change the fact that the focus is still on the decision of the AFBCMR and whether it was supported by the evidence. Once again, Defendant throws out a red herring. It is clear from Plaintiff's Complaint, ¶¶ 16-101, that he has alleged a multitude of facts that, if true, would support a finding by this Court that the decision of the AFBCMR was arbitrary, capricious, unsupported by evidence and thus an abuse of discretion, and/or contrary to law because not in compliance with the Air Force's own regulations and therefor in violation of the Plaintiff's right to due process of law. That long recitation of all of

the evidence and all of the numerous violations of due process and of the Air Force's own regulations closed with this:

> 100. Violations of Air Force regulations constitute a violation of the due process provisions of the Fifth Amendment. See e.g., Antonuk v. United States, 445 P.2d 592, 595 (6th Cir. 1971).
> 101. The military's failure to adhere to its own regulations violated Plaintiff's right to due process of law under 10 U.S.C. § 1552, AFI 36-2020, AFI 48-123, DoD Directive 1332.23, USAFAI 48-104, the Air Force Cadet Wing Honor Code Reference Handbook, and the Fifth Amendment.

Under the authority granted to this court by the APA, this Court may grant the relief requested by the Plaintiff under the set of facts alleged in the Complaint.

## CONCLUSION

This Court has the well established jurisdiction and authority under the APA to set aside the decision of the AFBCMR and to compel the Defendant to correct the Plaintiff's military personnel records, to include removal of the 2003 findings of honor code violation; correction of Plaintiff's records to reflect the granting of a diploma from the Academy; and correction of Plaintiff's records to reflect the elimination of the erroneously assessed debt for his education. All of those corrections would stem directly from setting aside the AFBCMR'S improper decision, and constitute equitable relief.

As a collateral effect of those corrections, this Court can award Plaintiff monetary damages for back pay up to, but no greater than $10,000, with Plaintiff having expressly waived any monetary damages in excess of that amount. Because this Court clearly has jurisdiction in this case, with all monetary damages greater than $10,000 having been waived, and because Plaintiff has set forth sufficient factual allegations in his Complaint to state a claim for which this

Court can grant relief by setting aside the decision of the AFBCMR and ordering the Defendant to correct Plaintiff''s military records, this Court should therefore deny Defendant's Motion to Dismiss.

                                            Respectfully submitted,

                                                    /s

                                            David P. Sheldon (DC Bar #446039)
Counsel for Plaintiff   Law Offices of
David P. Sheldon, P.L.L.C.
512 8th Street, S.E.
Washington, D.C. 20003
Tel: 202-546-9575
Fax: 202-546-0135

Attorney for Plaintiff

August 11, 2008