UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOHN PAUL CHARLTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 08-0221 (PLF) |
| ) | |
| MICHAEL B. DONLEY, ACTING ) | |
| SECRETARY OF THE AIR FORCE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

DEFENDANT'S MEMORANDUM OF POINTS AND
AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS

Defendant, Michael B. Donley,[1] by and through undersigned counsel, hereby replies to Plaintiff's opposition to Defendant's motion to dismiss. For the reasons stated in Defendant's motion to dismiss and herein, Plaintiff's complaint should be dismissed.

## I. INTRODUCTION

Plaintiff argues that "[T]he heart of Defendant's Motion to Dismiss is the erroneous assertion that Plaintiff's complaint requests monetary damages in excess of $10,000.00." Plaintiff's Opposition ("Plff. Opp.") at 2. Unfortunately, Plaintiff has misinterpreted Defendant's arguments. Defendant's primary argument is that because Plaintiff is specifically seeking monetary damages in his complaint, this Court does not have jurisdiction to grant him relief under the Administrative Procedure Act ("APA"). This is because the APA waives the government's sovereign immunity and permits "relief other than money damages." Therefore,

---

[1] Acting Secretary Michael B. Donley is substituted for former Secretary Michael Wynne pursuant to Fed. R. Civ. P. 25(d).

under the APA, the Court may grant relief only where "there is no other adequate remedy in court." 5 U.S.C. §§ 702, 704. Furthermore, it is clear from a review of Plaintiff's complaint that with respect to his claim concerning his educational costs, he is seeking monetary relief for a contract claim in an amount in excess of $10,000.00. For these reasons, this Court lacks jurisdiction to adjudicate his claims.

## ARGUMENT

### II. PLAINTIFF'S COMPLAINT SPECIFICALLY SEEKS MONETARY RELIEF

#### A. Plaintiff Concedes That His Complaint Requests Monetary Relief

The District of Columbia Circuit has created a bright-line test to guide courts in determining whether they have jurisdiction over these types of actions, or whether jurisdiction lies in the Court of Federal Claims. Under this test, courts are instructed to "look to the complaint's substance, not merely its form." *Kidwell v. Dep't of* the *Army*, 56 F.3d 279, 284 (D.C. Cir. 1995) ( "'[j]urisdiction under the Tucker Act cannot be avoided by . . . disguising a money claim' as a claim requesting a form of equitable relief.") (quoting *Van Drasek v. Lehman*, 762 F.2d 1065, 1071 n. 11 (D.C. Cir. 1985)). Thus, a case is based on the Tucker Act's waiver of sovereign immunity if a plaintiff seeks money or the district court grants it. *Id*. at 285.

Here, Plaintiff not only concedes that he is seeking monetary damages, but it is clear from the language in his complaint. *See* Plff. Opp. at 2, 4; Complaint, Prayer for Relief ¶ 102 (C) ("[A]ward Plaintiff monetary damages for back pay no greater than $10,000 . . .;). Although he attempts to now assert that the Court has jurisdiction pursuant to the Little Tucker Act for his money damages claim [Plff. Opp. at 2, 6], he has failed to cite the Little Tucker Act anywhere in his complaint. Furthermore, the Little Tucker Act does not create a right to monetary damages,

but only allows this Court to exercise concurrent jurisdiction over claims, not in excess of $10,000.00, based on other money-mandating statutes, none of which appear in Plaintiff's complaint.

Finally, Plaintiff's argument that "[A]ny monetary benefits that may flow from [the correction of Plaintiff's record] would not come from the district court's exercise of jurisdiction, but from the structure of statutory and regulatory requirements governing compensation when a service member's files change" is equally unavailing.[2]  First, this argument contradicts his assertion that he is seeking monetary damages under the Little Tucker Act.  *See* Plff. Opp. at 2,4. Secondly, his new contention contradicts the plain language of his complaint which specifically requests that this Court exercise its jurisdiction and grant him monetary relief in an amount not to exceed $10,000.00 in back pay.  *See* Complaint, Prayer for Relief ¶ 102.  His claim for back pay, therefore, is in essence a claim for money damages under the APA.  *See Bublitz v. Brownlee*, 309 F.Supp.2d 1, 6 (D.D.C. 2004); *Bliss v. England*, 208 F.Supp.2d 2 (D.D.C. 2002).  Accordingly, Plaintiff's complaint should be dismissed for lack of jurisdiction.

---

[2]  Plaintiff states "[A]s a collateral effect of those corrections [of Plaintiff's military records] this Court can award Plaintiff monetary damages for back pay up to, but no greater than $10,000.00 . . .  *See* Plff. Opp. at 12.  As this Court recognizes, there is a vast difference between this Court granting Plaintiff a judgment for an amount not to exceed $10,000.00 and remanding a case to the Board for Corrections of Military Records, which may or may not eventually allow monetary benefits to flow to Plaintiff.

### B. PLAINTIFF'S CLAIM REGARDING HIS EDUCATIONAL COSTS IS A CONTRACT CLAIM EXCEEDING $10,000

Under 10 U.S.C. § 2005(a)(3), the Secretary of the Air Force may require, as a condition of providing advanced education assistance, that a cadet enter into a written agreement to reimburse the United States for the cost of advanced education to the extent that the cadet, either voluntarily or because of misconduct, fails to complete the period of active duty specified in the agreement. This obligation to reimburse the government for education costs is "a debt owing to the United States." *See* 10 U.S.C. § 2005(c); *United States v. Swick*, 836 F.Supp. 442 (S.D. Ohio 1993).

Plaintiff is requesting that the Court award him a diploma,[3] but eliminate his liability for the cost of his education. *See* Complaint, Prayer for Relief ¶ 102. If the Court grants Plaintiff's demand, a debt in an amount over $100,000 owed to the United States government will be extinguished. Plaintiff's assertion that this claim is collateral or simply flows from the equitable relief he is seeking under the APA is equally without merit. *See* Plff. Opp. at 7-9.

Indeed, the other equitable relief Plaintiff seeks is "negligible in comparison with the potential monetary recovery." *Hahn v. United States*, 757 F.2d 581, 589 (3d Cir. 1985). Moreover, when compared to the monetary relief he seeks with respect to his educational agreement, coupled with his request for monetary damages for back pay, the remaining equitable relief Plaintiff requests under the APA lacks "considerable value independent of any future potential for monetary relief." *Kidwell v. Dep't of the Army, Board for Correction of Military*

---

[3] It is questionable whether Plaintiff's request that this Court grant him a diploma is justiciable. *See Nation v. Dalton*, 107 F. Supp.2d 37 (D.D.C. 2000).

*Records*, 56 F.3d at 284.[4]  As such, Plaintiff's claims must be brought in the Court of Federal Claims.

### Conclusion

For the foregoing reasons, Plaintiff's complaint should be dismissed.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Civil Division
Room E4905
Washington, D.C. 20530
(202) 514-7250

---

[4] In fact, there is evidence that the United States' attempts to collect on Plaintiff's educational agreement was a motivating factor in bringing this suit.  *See* Defendant's Exhibit A ("Specifically, he [Plaintiff] has filed suit against the government to dispute this debt.").

EXHIBIT A

THE LAW OFFICES OF
# DAVID P. SHELDON
SPECIALIZING IN MILITARY LAW AND LITIGATION

David P. Sheldon, Esq.
DAVIDSHELDON@MILITARYDEFENSE.COM
512 8th Street, SE
Washington, D.C. 20003
(202) 546-9575 (OFFICE)

Debra T. Gilcrest, Esq.
DGILCREST@MILITARYDEFENSE.COM
700 SW Higgins Avenue, Suite 200
Missoula, MT 59803
(406) 829-3305 (OFFICE)

April 21, 2008

U.S. Department of the Treasury
Debt Management Services
PO Box 830794
Birmingham, AL 35283-0794

DFAS-JEDC/DE
6760 E. Irvington Place
Denver, CO 80279-7500

Re: John Charlton
    FedDebt Case Identification:
    Agency Debt Identification:

Dear Sir/Ma'am:

I represent John P. Charlton, .

Mr. Charlton is currently in litigation regarding the nature and legitimacy of the payments he owes in this matter. Specifically, he has filed suit against the government to dispute this debt. This suit is pending in the Unites States District Court for the District of Columbia in the case of *John Paul Charlton V. Michael W. Wynne, Secretary of the Air Force*, Case No. 1:08-cv-00221-PLF.

I hereby request that you immediately cease collection efforts and any credit reporting regarding his account until matters in federal court have concluded. I also request that any further correspondence be sent to my office at the address above.

Thank you.

Sincerely,

David P. Sheldon

cc   John P. Charlton (by PDF)
     Judith Kidwell, Esq. (By PDF)