UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
JOHN PAUL CHARLTON,                     )
                                        )
         Plaintiff,                     )
                                        )
    v.                                  )        Civil Action No. 08-0221 (PLF)
                                        )
MICHAEL B. DONLEY,                      )
 *Secretary, United States Air Force*,  )
                                        )
         Defendant.[1]                  )
_____ )


<u>MEMORANDUM OPINION</u>

      Plaintiff John Paul Charlton seeks judicial review of the decision by the Air Force

Board for Correction of Military Records ("AFBCMR") on his application to correct his military

records.  The matter is before the Court on defendant's motion to dismiss. After carefully

considering the parties' papers and the entire record in this case, the Court will deny defendant's

motion to dismiss.[2]


I. BACKGROUND

      Plaintiff is a former United States Air Force Academy cadet.  <u>See</u> Compl. ¶ 7.

During the Fall 2002 semester, an instructor at the Academy alleged that plaintiff plagiarized

---

[1]     The Court has substituted as the defendant Michael B. Donley, the current
Secretary of the Air Force, for former Secretary Michael W. Wynne pursuant to Rule 25(d) of the
Federal Rules of Civil Procedure.

[2]     The Court considered the following papers in connection with this motion:
Plaintiff's Complaint ("Compl."); Defendant's Motion to Dismiss ("Mot."); Plaintiff's
Opposition to Defendant's Motion to Dismiss ("Opp."); and Defendant's Reply to Plaintiff's
Opposition to Defendant's Motion to Dismiss ("Repl.").

portions of two assignments.  See id. ¶¶ 32, 33.  The Academy Honor Board conducted a hearing

and found that plaintiff had violated the Cadet Honor Code with respect to those two charges.

See id. ¶ 34.  On August 5, 2003, based on the Honor Board ruling, the Superintendent of the

Academy disenrolled plaintiff and ordered plaintiff to reimburse the cost of his Academy

education, in the amount of approximately $136,478 plus interest.  See id. ¶ 69.  (Although

plaintiff does not say so explicitly, the implication of the complaint is that absent the Honor

Board ruling and Academy disenrollment, he would be entitled to a waiver of his Academy

tuition.)  On January 12, 2004, the Air Force discharged plaintiff.  See id. ¶ 72.

On August 10, 2004, plaintiff filed an application with the AFBCMR requesting

that the Honor Code violations be removed from his record, that the Academy award him a

diploma, that the Academy waive the debt plaintiff incurred for the cost of his education, and that

the military allow him to fulfill his military service or grant him medical discharge status based

on chronic rheumatoid arthritis.  See Compl. ¶ 73.  Plaintiff alleges that he raised before the

AFBCMR various substantive and procedural errors made by the Air Force and the Honor Board

during the course of the disenrollment proceedings, see id. ¶ 74, including: the Air Force's

alleged failure to properly consider plaintiff's medical condition as a basis for medical discharge,

see id. ¶ 75; the Honor Board's alleged failure to provide due process at his hearing, see id. ¶ 76;

the Honor Board's failure to include a mistake-of-fact instruction to its members, see id. ¶ 77; the

failure to prove a violation of the Honor Code at the Honor Board proceeding, see id. ¶ 78; and

inequitable treatment at the Honor Board proceeding.  See id. ¶ 79.  On October 17, 2005, the

AFBMCR denied plaintiff's request, concluding that plaintiff had presented insufficient evidence

to demonstrate the existence of error or injustice.  See id. ¶¶ 80, 81.

Plaintiff now seeks judicial review of the decision on the grounds that (1) the AFBCMR decision was arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or otherwise contrary to law; and (2) the AFBCMR's action was contrary to Air Force regulations and violated plaintiff's constitutional right to due process of law.  Plaintiff characterizes his claim as one brought under the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq., but, in addition to his demand for injunctive relief, he also seeks money damages which are not available under the APA.  See 5 U.S.C. § 702.  The Little Tucker Act, 28 U.S.C. § 1346(a), permits certain claims for money damages against the United States government, including those related to applications for correction of military records, see Bublitz v. Brownlee, 309 F.Supp. 2d 1, 8 (D.D.C. 2004).  The Court therefore will construe the complaint as one that asserts claims under the Little Tucker Act as well as under the APA.

## II. DISCUSSION

### A. Jurisdiction Over Claims Against the Federal Government

Federal courts are courts of limited jurisdiction.  They therefore may only hear cases entrusted to them by a grant of power contained in either the Constitution or in an act of Congress.  See, e.g, Beethoven.com L.L.C. v. Librarian of Congress, 394 F.3d 939, 945 (D.C. Cir. 2005); Best v. United States, 522 F.Supp 2d 252, 254 (D.D.C. 2007); Srour v. Barnes, 670 F.Supp. 18, 20 (D.D.C. 1987) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511 (1973)). Under Rule 12(b)(1), the plaintiff bears the burden of establishing subject matter jurisdiction. See Brady Campaign to Prevent Gun Violence v. Ashcroft, 339 F.Supp. 2d 68, 72 (D.D.C. 2004).

As a sovereign, the United States may not be sued except by its consent, and *a fortiori* the government can place conditions on the circumstances under which it will consent to suit.  See Bublitz v. Brownlee, 309 F. Supp. 2d at 5 (citing United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003)).  For example, the APA waives the United States' sovereign immunity for claims "seeking relief other than money damages" and arising from an agency's unlawful action, 5 U.S.C. § 702, and rests jurisdiction for such claims in the district courts.  See Bublitz v. Brownlee, 309 F.Supp. 2d at 8.  The Tucker Act waives the United States' sovereign immunity for non-tort claims against the government seeking monetary remedies, and vests exclusive jurisdiction for those claims in the Court of Federal Claims.  See 28 U.S.C. § 1491(a)(1).  For non-tort claims against the government not exceeding $10,000 in damages, however, the Little Tucker Act vests concurrent jurisdiction in the Court of Federal Claims and in the United States district courts.  See 28 U.S.C. § 1346(a)(2); see also Smalls v. United States, 471 F.3d 186, 189 (D.C. Cir. 2006).

Defendant argues that because plaintiff seeks money damages for backpay, as well as debt relief of more than $100,000, the Court does not have jurisdiction.  The Court disagrees.  As to the damages sought for backpay, plaintiff has explicitly waived his right to recover any money damages for backpay greater than $10,000.  See Compl. ¶ 102(C).  This waiver is "sufficient" to keep plaintiff's claims against the government in this Court despite the fact that he requests money damages for backpay.  See Stone v. United States, 683 F.2d 449, 451 (D.C. Cir. 1982); see also Waters v. Rumsfeld, 320 F.3d 265, 271 (D.C. Cir. 2003) (such waivers are adequate to maintain district court jurisdiction when "clearly and adequately expressed").

4

Defendant also argues that plaintiff's claims belong in the Court of Federal Claims because he seeks substantial debt relief, namely that his record "be corrected to reflect that the debt incurred for the cost of Plaintiff's education at the Academy is eliminated either by waiving that debt or by granting him a medical discharge."  Compl. ¶ 102(B)(3).  In other words, defendant argues that this putatively "injunctive" request for records correction is in reality a claim for damages in excess of $10,000, and that this Court therefore does not have jurisdiction over the claim.  See Bublitz v. Brownlee, 309 F.Supp. 2d at 6 ("This Court has no jurisdiction . . . if the plaintiff's suit is essentially one for non-tort damages exceeding $10,000, regardless of whether the plaintiff has cloaked his complaint in injunctive terms.").

When a plaintiff asserts claims against the United States for injunctive relief that would result in a financial benefit of more than $10,000, the Court must consider the sometimes "difficult jurisdictional question" of when such a complaint, even though couched in equitable terms, "will be deemed one seeking monetary damages."  Bublitz v. Brownlee, 309 F. Supp. 2d at 6.  The test is whether a complaint, "at its essence" seeks damages.  Id.  Resolving that question requires the Court to "look to the complaint's substance, not merely its form."  Kidwell v. Dep't of the Army, 56 F.3d at 284.  "Where the equitable relief lacks 'considerable value' independent of any future potential for monetary relief . . . or when the equitable relief requested in the complaint is 'negligible in comparison' with the potential monetary recovery . . . the complaint will be deemed one for damages."  Bublitz v. Brownlee, 309 F. Supp. 2d at 7 (internal citations to Kidwell v. Dep't of the Army, 56 F. 3d at 284).

In this case, plaintiff is not seeking money damages (beyond the $10,000 in backpay already discussed) and, if plaintiff prevails in this case, this Court would not award any

5

such relief.  Rather, plaintiff is seeking an injunction directing the defendant to correct his

military records by removing certain findings from his personnel file, reflecting that he was

granted a diploma from the Academy, and granting him a medical discharge.  The correction of

his records in this manner is "not negligible" in and of itself or in comparison to the possible

receipt of financial benefits that may flow from these determinations; it is "valuable non-

monetary relief."  Kidwell v. Dep't of the Army, 56 F.3d at 286.  Furthermore, any financial

benefit plaintiff may receive would not come from an award of damages by this Court but from

the change in his status that would result from the correction of his military records.  See Tootle

v. Sec'y of the Navy, 446 F.3d 167, 174 (D.C. Cir. 2006).  That is very different from suggesting

that plaintiff seeks money damages in this lawsuit or that this Court would have the authority to

award such damages.  See Smalls v. United States, 471 F.3d at 190 (court not deprived of

jurisdiction even though financial benefit may be the ultimate goal of petitioner in seeking

correction of military record).

        The United States Court of Appeals for the District of Columbia Circuit has

repeatedly held that a plaintiff seeking a change in discharge status has sought non-monetary

relief that is not "negligible in comparison" to the likely monetary benefit plaintiff might receive

as a result of the change in status.  See Smalls v. United States, 471 F. 3d at 190 (district court

had jurisdiction over plaintiff's suit to change his discharge status from honorable to medical,

even though doing so would entitle plaintiff to automatic increase in retirement benefits); Tootle

v. Sec'y of the Navy, 446 F. 3d at 176 (district court had jurisdiction over plaintiff's suit to

declare him unfit for duty and eligible for retirement, even though doing so would entitle plaintiff

to retirement benefits); Kidwell v. Dep't of the Army, 56 F.3d at 286 (district court had

jurisdiction where plaintiff sought to have his military files reflect medical discharge, rather than general discharge, even though the records change would have entitled plaintiff to over $50,000 in disability benefits). Here too the equitable relief sought by plaintiff — to correct his records to show that he did not violate the Honor Code, to grant him a diploma from the Academy, and/or to change his discharge status to medical — is "valuable non-monetary relief." Bublitz v. Brownlee, 309 F. Supp. 2d at 7 (citing Kidwell v. Dep't of the Army, 56 F.3d at 286). Accordingly, the Court concludes that it has jurisdiction over plaintiff's claims. See Bublitz v. Brownlee, 309 F. Supp. 2d at 8 (the district court retains jurisdiction, "so long as the injunctive relief [that triggers the payment of money] is of sufficient importance relative to the monetary award to support jurisdiction") (citing Wolfe v. Marsh, 846 F. 2d 782, 784 n.3 (D.C. Cir. 1988)).

### B. Review of AFBCMR Decisions

Defendant also argues that plaintiff fails to state a claim under Rule 12(b)(6) because his desired remedy would require this Court to usurp the Air Force's authority to manage its own affairs. Such arguments are more appropriately considered under Rule 12(b)(1) of the Federal Rules of Civil Procedure as a question of justiciability. See Kreis v. Sec'y of Air Force, 866 F.2d 1508, 1511 (D.C. Cir. 1989). It is established that military records correction boards' decisions are subject to judicial review under the APA. See Dickson v. Sec'y of Defense, 68 F.3d 1396, 1402 (D.C. Cir. 1995) (citing Chappell v. Wallace, 462 U.S. 296 (1995)). Here, plaintiff alleges that the AFBCMR decision was arbitrary and capricious (Count I) and violated his constitutional due process rights and the Air Force's own regulations (Count II). He has alleged facts to support these claims, namely that the Board ignored procedural defects and due

process violations in his Academy Honor Board proceeding and that it failed to conduct an

adequate review of his medical condition.  The Court finds that plaintiff's claims are justiciable

under the APA.

Defendant's motion to dismiss is denied. An Order consistent with this

Memorandum Opinion will be issued on this same day.


/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: May 1, 2009